# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NORMAN JEAN DUNIGAN | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-00198-ALM |
| | § | Judge Mazzant |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Acting Commissioner of the Social Security Administration denying her claim for supplemental security income under Title XVI of the Social Security Act (the "Act"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision is affirmed.

## HISTORY OF THE CASE

On December 3, 2010, Plaintiff filed an application for supplemental security income, alleging disability beginning March 1, 2010 (TR 25). The claim was denied initially on January 31, 2011, and again upon reconsideration on April 29, 2011 (TR 35-39, 46-49). Plaintiff filed a timely written request for hearing on May 13, 2011, and appeared, via video, before the Administrative Law Judge ("ALJ") on March 8, 2012 (TR 25, 57).

On March 21, 2012, the ALJ denied Plaintiff's request for supplemental security income (TR 25-31). Upon receipt of ALJ's decision, Plaintiff requested review by the Appeals Council, and on February 4, 2013, the Appeals Council denied her request for review, making the decision of the ALJ the final decision of the Commissioner leading to judicial review (TR 1-3).

## STATEMENT OF THE FACTS

Plaintiff was born on June 28, 1958, making her a 51-year-old female at the time of her alleged onset date (TR 10). Plaintiff completed the tenth grade of high school and has no higher education or vocational training (TR 10, 122). Plaintiff maintained employment as a food line worker in the past before being laid off on February 15, 2010 (TR 122). Plaintiff has since not attempted to regain employment due to her alleged disability (TR 30, 166-167). Plaintiff reported that her disability started immediately after gall bladder surgery on January 22, 2009 (TR 30, 128). However, Plaintiff did not file for disability until after she was unemployed on March 1, 2010 (TR 25, 30).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After a discussion of the medical data regarding Plaintiff and hearing testimony, the ALJ made the prescribed sequential evaluation. The ALJ held that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of disability (TR 27). The ALJ concluded that although Plaintiff has medical impairments, the impairments were not severe (TR 27, 29). The ALJ held that Plaintiff does not have an impairment or combination of impairments that significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for twelve consecutive months; therefore, Plaintiff does not have a severe impairment or combination of impairments (TR 27). Lastly, the ALJ held that Plaintiff has not been under a disability, as defined in the Act, since December 3, 2010, the date the application was filed (TR 31).

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's

factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

The legal standard for determining disability under Title XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook*, 750 F.2d at 393. In determining a capability to perform "substantial gainful activity", a five-step "sequential evaluation" is used, as described below. 20 C.F.R. § 404.1520(a)(4).

## **SEQUENTIAL EVALUATION PROCESS**

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (2014). First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). Fourth, a claimant

with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f); 42 U.S.C. § 1382(a).

## ANALYSIS

Plaintiff contends that the decision of the Commissioner should be remanded because the ALJ failed to use the proper standard in evaluating the severity and limiting effects of all the Plaintiff's impairments.

Plaintiff asserts that the ALJ used the improper standard and failed to follow the *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), or the slight abnormality standard, in evaluating Plaintiff's bowel incontinence, bladder incontinence status post sling repair, depression, hypertension and mild degenerative disc disease of the lumbar spine. Step two of the sequential evaluation process requires that the ALJ determine whether Plaintiff's impairments or combination of impairments are severe. 20 C.F.R. § 404.1520(c). If the ALJ concludes that the impairments are not severe, the process ends. Section 404.1521(a) provides that "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." *See also* 20 C.F.R. § 404.1520(c).

> The Fifth Circuit interpreted the regulations regarding severity and found as follows:
>
> An impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

*Stone*, 752 F.2d at 1101. The Fifth Circuit further found in *Stone* that the Court would assume the ALJ and Appeals Council applied an incorrect standard to the severity requirement unless the

correct standard was set forth by reference to *Stone*, or another case of the same effect, or by an express statement of the construction used in the case. *Id.* at 1106. The Court must look beyond the use of "magic words" and determine whether the ALJ applied the correct severity standard. *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986). "Unless the correct standard of severity is used, the claim must be remanded to the Commissioner for reconsideration." *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805 (N.D. Tex. 2009) (citing *Stone*, 752 F.2d at 1106).

Plaintiff argues that at step two of the sequential evaluation process, the ALJ found Plaintiff suffers from determinable impairments, but despite the presence of these medically determinable impairments, the ALJ's decision is unclear as to what standard he used to determine that Plaintiff's medically determinable impairments are not severe. Plaintiff signifies several quotes from the ALJ's decision to challenge which standard he actually used in evaluating the severity of Plaintiff's medically determinable impairments. Plaintiff contends that such ambiguity alone compels reversal pursuant to *Stone*.

The Commissioner argues that the ALJ's express statement of the *Stone* standard and citation as such is sufficient to establish that the ALJ used the proper standard in evaluating the severity of the Plaintiff's medically determinable impairments. Commissioner points out that this Court recently considered and rejected the same contention in *Merrell v. Comm'r, SSA*, No. 6:12CV393, 2013 WL 5496783 (E.D. Tex. Oct. 1, 2013). The Court noted that the Fifth Circuit's holding in *Hampton*, "that the court must remand 'only where there is no indication the [final decision] applied the correct standard." *Merrell*, 2013 WL 5496783, at *5 (citing *Hampton*, 785 F.2d at 1311). Plaintiff contends that the reliance on *Merrell* is improper, because the issue was not whether the ALJ applied the proper standard, but rather, whether remand was warranted when the Appeals Council cited to several severity standards in affirming the ALJ's hearing

decision. Plaintiff also notes that in *Hampton*, the Court noted that "[w]e must read the opinion of the ALJ carefully to ensure he or she used the 'slight impairment' standard in the nonseverity determination." *Hampton,* 785 F.2d at 1311.

Plaintiff argues a careful reading of the ALJ's decision does not ensure that the ALJ used the proper standard in determining whether Plaintiff's impairments are severe. The Court disagrees. The ALJ cited *Stone*, and expressly stated, "all impairments have been considered under the standard set forth in *Stone v. Heckler*, 725 F.2d 1099 (5th Cir. 1985)" (TR 27, 31). Therefore, ALJ has shown that he applied the proper standard in evaluating Plaintiff's medically determinable impairments. In addition, even if it is unclear to the Plaintiff from the ALJ's decision as to what standard he actually applied, Plaintiff's claim should not be remanded, because "procedural perfection is not required unless it affects the substantial rights of a party." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (citing *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988)).

"[T]he ALJ has the sole responsibility for determining the claimant's disability status." *Moore v. Sullivan,* 919 F.2d 901, 905 (5th Cir. 1990). It is not the duty of the court to reweigh the evidence, nor substitute its opinion for that of the ALJ. "[T]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). Here, substantial evidence supports the finding of non-severity of Plaintiff's medical impairments. The administrative record contains descriptions of daily activities that are not limited to the extent one would expect, given Plaintiff's complaints of disabling symptoms and limitations. Plaintiff, "must show that [s]he is so functionally impaired by [her] impairment[s] that [s]he is precluded from engaging in substantial gainful activity." *Taylor*, 706 F.3d at 603 (citing *Hames v. Heckler,* 707 F.2d 162, 165 (5th Cir. 1983)).

6

There is evidence that Plaintiff stopped working for reasons unrelated to her allegedly disabling impairment, and notably, Plaintiff reported that she was laid off from her employment. Furthermore, there is evidence in the record that Plaintiff's allegedly disabling impairment was present at approximately the same level of severity prior to the alleged onset date (TR 30). Plaintiff worked for over a year, January 22, 2009 to March 10, 2010, with her allegedly disabling impairment. Therefore, Plaintiff's impairments have not precluded her from engaging in substantial gainful activity or daily activities.

The ALJ utilized the proper standard in evaluating Plaintiff's medically determinable impairments. The ALJ's reference to *Stone* in his opinion alone is enough to determine the correct legal standard was applied (TR 27). Furthermore, there is also substantial evidence that supports the ALJ's decision regarding Plaintiff's limitations and finding not disabled.[1]

## **CONCLUSION**

Pursuant to the foregoing, it is **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

**SIGNED this 9th day of June, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court would also note that Plaintiff's opening brief fails to assert how her impairments are severe. Instead, Plaintiff only asserts it is unclear whether the ALJ applied the correct standard. Plaintiff waited until she filed her reply brief to raise this issue. Raising arguments for the first time in a reply brief is not the proper way to raise issues for consideration by the Court. Nonetheless, a review of the administrative record demonstrates substantial evidence supports the ALJ's decision under the *Stone* standard.